■ In the Matter of the Claim of KIM M. GAUS, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 30, 1989, which ruled that claimant was disqualified from receiving unemployment insur-

ance benefits because she voluntarily left her employment without good cause.

Claimant voluntarily left her employment on December 31, 1988 and was married on January 7, 1989. Shortly thereafter, she relocated to Florida with her husband, who was starting a new job which he had accepted in November 1988. Claimant then applied for unemployment insurance benefits with the local unemployment office, which ruled that, pursuant to Labor Law § 593 (1) (b), claimant was disqualified from receiving any benefits because she left her employment due to marriage. Claimant objected to this determination, contending that she left her job to accompany her husband to Florida.

Following a hearing, an Administrative Law Judge overruled the initial determination, concluding that the evidence failed to establish that claimant actually left her employment due to marriage. The Commissioner of Labor appealed and the Unemployment Insurance Appeal Board reversed and reinstated the initial determination. This appeal by claimant followed.

We affirm. Labor Law § 593 (1) (b) provides that a claimant shall be disqualified from receiving benefits after a voluntary separation from his/her last employment if "such voluntary separation was due to claimant's marriage". In this case, it is undisputed that, at the time claimant left her employment, she was unmarried and contemplated being married one week later. Based upon this evidence, the Board concluded that claimant's voluntary separation from employment was "due to [her] marriage", within the meaning of Labor Law § 593 (1) (b). This determination is consistent with that in *Matter of Essapour (Levine)* (50 AD2d 657), wherein we affirmed the Board's disqualification of a claimant who voluntarily left his employment in order to marry in Persia. In our view, the validity of the Board's application of the statute in *Matter of Essapour* remains unaffected by subsequent legislation which amended Labor Law § 593 (1) (b) to remove the disqualification of a married claimant who voluntarily terminates his/her employment in order to follow a spouse to another locality *(see,* Labor Law § 593 [1] [b] [former (2)]; L 1987, ch 418, § 1). Thus, the Board's application of the statute in this case should be upheld. Further, although claimant testified that she did not leave her employment due to marriage and that she would still be working for her former employer had she not moved to Florida with her husband, we conclude that her testimony regarding the sequence of events after she left her employ-

ment on December 31, 1989 constitutes substantial evidence supporting the Board's decision.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.