■ In the Matter of the Claim of MARIE T. MALONEY, Appellant. EASTMAN KODAK COMPANY, Respondent; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [600 NYS2d 301] —Appeal from a decision of the Unemployment Appeal Board, filed April 23, 1992, which ruled that claimant was disqualified from receiving unemployment insurance because she voluntarily left her employment due to marriage.

In March 1990, claimant found out that her fiancé, who worked for the same employer, was being relocated to Pennsylvania. Because a job in Pennsylvania with the employer was not available for claimant, she quit her employment effective October 26, 1990. Claimant was married on October 27, 1990 and her husband started his new job on November 8, 1990. Labor Law § 593 (1) (b) provides that a claimant shall be disqualified from receiving unemployment insurance benefits if the claimant's separation from employment is due to marriage. We initially note that, contrary to claimant's contention, the facts herein do not come within any exception to disqualification that exists due to the amendment to Labor Law § 593 (1) (b) in 1987 (L 1987, ch 418, § 1). Rather, as this Court held in *Matter of Gaus (Hartnett)* (167 AD2d 736), this is the type of situation specifically contemplated by the statute. Accordingly, substantial evidence exists to support the determination of the Unemployment Insurance Appeal Board that claimant voluntarily left her employment due to marriage *(see, supra; Matter of Essapour [Levine],* 50 AD2d 657). Finally, the unemployment insurance benefits that claimant received were properly recoverable *(see,* Labor Law § 597 [4]).

Mikoll, J. P., Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.