◼ In the Matter of the Claim of PATRICIA A. DI NAPOLI, Appellant. COMMISSIONER OF LABOR, Respondent. [671 NYS2d 201] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed April 24, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause, and (2) from a decision of said Board, filed August 20, 1997, which charged claimant with a recoverable overpayment of unemployment insurance benefits.

Claimant was employed in this State as an insurance benefits administrator. In February 1996, her husband's employer transferred him to Florida. However, claimant

delayed relocating to Florida for several months so that her daughter could finish the school year in June 1996. Thereafter, claimant remained in this State, still employed, for another 1½ months, so that the family could attend certain social functions that were to take place during the first half of August 1996. The Unemployment Insurance Appeal Board ruled that claimant would have been qualified for benefits if she had left her employment in February 1996 to accompany her husband to the place of his employment and she would still have been qualified to receive benefits if she had quit her job at the end of June 1996 because it deemed a delay occasioned by a child's need to complete the school year would constitute good cause for such a delay. The Board concluded, however, that claimant's additional six-week delay in quitting her job and moving to Florida disqualified her from the receipt of benefits because, at the time claimant quit her employment, her reasons for doing so were personal and noncompelling. In a subsequent decision, the Board assessed claimant with a recoverable overpayment of benefits.

We reverse. While claimant's reasons for remaining employed in this State for the weeks after the end of her daughter's school year could accurately be characterized as personal and noncompelling, her reason for leaving her employment at that time, i.e., her husband's job transfer, remained as valid in August 1996 as it was in February 1996, when her spouse first relocated, or in June 1996, when her child's school year ended. There is no authority in the relevant case law or statutes for the Board's ruling that a delay in resigning eradicates what would previously have been considered a valid reason. *Matter of Howe (Hudacs)* (188 AD2d 982), relied upon by respondent, is distinguishable. There, a claimant, who had waited four months before quitting his job in this State to join family members who had moved to Florida for personal reasons, was ruled disqualified from receiving benefits because the "claimant had originally intended to keep his job in New York and * * * there was no change in his family's situation in Florida since their relocation" that would require him to join them (*see, id.*, at 983). In the instant matter, however, claimant had intended to relocate to Florida as soon as she learned of her husband's transfer, a transfer motivated not by personal preference, but by the requirements of her spouse's employment.

This Court has held that a married claimant who quits his or her job in order to join a spouse whose employment has required relocation has not left his or her employment under disqualifying circumstances (*see, Matter of Gaus [Hartnett],*

167 AD2d 736, 737; *see also*, Labor Law § 593 [1] [b], as amended by L 1987, ch 418 [deleting resignation due to a claimant's following his or her spouse to another locality as a statutory cause for disqualification]). A reasonably brief delay in quitting one's job and making such a move, so long as it was intended from the time the claimant's spouse was required by his or her employment to relocate, should not, by itself, disqualify a claimant from receiving benefits.

Cardona, P. J., Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.