■ In the Matter of the Claim of Bernadette A. Parduski, Appellant. Commissioner of Labor, Respondent. [677 NYS2d 409] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 26, 1997, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

In July 1996, claimant resigned from her employment as a legal secretary in an Erie County insurance office in order to join her husband, who had relocated to North Carolina in July 1994 in order to take a job there. According to claimant, she had chosen not to relocate to North Carolina earlier because her husband had continued searching for suitable employment in western New York after taking the position in North Carolina and because she and her husband were awaiting adequate assurance that his North Carolina employment would be "stable". Concluding that claimant's reasons for leaving her employment were noncompelling, an Administrative Law Judge found that claimant left her employment without good cause within the meaning of the Unemployment Insurance Law, a determination ultimately upheld by the Unemployment Insurance Appeal Board.

We affirm. We agree with the employer that this matter is controlled by our prior decision in *Matter of Howe (Hudacs)* (188 AD2d 982), where we upheld the denial of unemployment insurance benefits to a claimant who decided to relocate approximately four months after the rest of his family moved to Florida. Finding that the claimant could have stayed in New York and continued working for his employer and crediting the Board's finding that the claimant had originally intended to keep his job in New York and that there was no change in his family's situation that would have justified his request for a leave of absence, we concluded that the Board's determination was supported by substantial evidence (*id.*). We are unpersuaded by claimant's reliance upon our subsequent decision in *Matter of Di Napoli (Commissioner of Labor)* (249 AD2d 665), where we concluded that "[a] *reasonably brief* delay in quitting one's job and making [a move in order to join a relocated spouse], *so long as it was intended from the time the claimant's spouse was required by his or her employment to relocate,* should not, by itself, disqualify [the] claimant from receiving benefits" (*id.*, at 667 [emphasis supplied]). In this case, the delay in relocation was by no means brief and the record supports a finding that claimant had not formed an intention to relocate to North Carolina at the time of her husband's relocation, and in fact formed no such intention until it became apparent that her husband would be unable to find suitable employment in western New York and that his position in North Carolina was a "stable" one.

Mercure, J. P., Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.