◼ In the Matter of the Claim of DANIELLE L. STUBER, Appellant. M. SHANKEN COMMUNICATIONS, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [677 NYS2d 824] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 14, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

In August 1996, claimant resigned from her employment as a circulation manager at a publishing firm in order to relocate to North Carolina to be with her husband, who had accepted new employment there in March 1996. The Unemployment Insurance Appeal Board found that although claimant would have been entitled to benefits had she resigned and relocated with her husband in March 1996, she was disqualified from receiving benefits because she delayed the relocation for non-compelling reasons.

We reverse. A reasonably brief delay in resigning from one's job in order to join a relocating spouse will not disqualify a claimant from receiving benefits, provided that the resignation was intended at the time the spouse relocated (*see, Matter of Di Napoli [Commissioner of Labor]*, 249 AD2d 665, 667). Unlike *Matter of Howe (Hudacs)* (188 AD2d 982), relied upon by the Board, claimant intended at the time of her husband's move to resign from her employment and join him in North Carolina. As the record reveals that the length of claimant's delay was reasonable under the circumstances, the Board's decision that claimant voluntarily left her employment without good cause must be reversed.

Cardona, P. J., Crew III, White, Spain and Graffeo, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.