■ In the Matter of the Claim of EVELYN R. RODRIGUEZ, Appellant. COMMISSIONER OF LABOR, Respondent. [681 NYS2d 626] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 23, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a disability examiner for a State agency for upwards of 18 years. In 1994 the pediatrician treating her two daughters for severe and chronic asthma recommended that they relocate to a warmer climate. Claimant's husband applied for and was eventually offered a hardship transfer to Florida, but at a lower salary. They put their home up for sale. In October 1995 claimant's husband moved to Florida to take the new job and the daughters moved there in November 1995. Claimant, whose employment was the source of health insurance coverage for the family, remained behind, admittedly without a clear plan as to when she would join them. Her uncertainty was based upon the following: the need to complete the sale of the family house, which was eventually sold at a loss in March 1996; the family's need to continue their New York health coverage until the husband was able to secure coverage at his new job, obtaining Florida coverage having been complicated by the preexisting condition of the children; her desire to earn as much money for the family as possible, in light of the financial burdens related to their relocation; and her desire to stay at her job so as to complete the months she needed to enhance her retirement. In August 1996 claimant resigned from her position and joined her family in Florida. The Unemployment Insurance Appeal Board, relying on this Court's holding in *Matter of Howe (Hudacs)* (188 AD2d 982), found that claimant decided to live apart from her family indefinitely, if not permanently, after their relocation to Flor-

ida, and therefore ruled that she was disqualified from receiving benefits because she voluntarily left her employment without good cause.

We reverse. In *Matter of Howe* we held that a delay in resigning from one's employment and joining a relocating spouse will disqualify a claimant from receiving benefits where the claimant has not formed an intent to resign at the time of the spouse's relocation (*see, id.*). Notably, "[a] reasonably brief delay in resigning from one's job in order to join a relocating spouse will not disqualify a claimant from receiving benefits, provided that the resignation was intended at the time the spouse relocated" (*Matter of Stuber [Shanken Communications—Commissioner of Labor]*, 253 AD2d 972; *see, Matter of Di Napoli [Commissioner of Labor]*, 249 AD2d 665, 666-667). The record reveals that the instant case is not a situation where a spouse is trying to decide if she will quit her job and join her transferred spouse. Here, two parents have endured real hardship for the well-being of their children. The Board's reliance on our reasoning in *Matter of Howe* is misplaced. Significantly, both spouses had good cause to relocate to Florida and claimant's reason for moving to Florida was as compelling in August 1996, when she resigned, as it was when her husband moved there in October 1995 to accept a hardship transfer. They both relocated in order to secure a healthier environment for their severely asthmatic children. In our view, there is no evidence in the record to support the conclusion that she decided to live apart from her husband and children. Accordingly, we conclude that claimant from the outset intended to relocate to Florida, that her uncertainty as to when she would join her family was justified and that her delay in resigning was reasonable.

White, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.