■ In the Matter of the Claim of KATHRYN E. GLENDINNING, Appellant. COMMISSIONER OF LABOR, Respondent. [688 NYS2d 771] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 14, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

On August 23, 1996, claimant left her employment as a machine operator in order to relocate to Ohio to be with her husband, who had started a new job there on January 2, 1995. The probationary period for this job was one year. Claimant elected to stay in New York with the couple's children until her husband's probationary period expired and the children's school year ended in June 1996, before joining him. Continuing work was available to claimant. The Unemployment Insurance Appeal Board found that claimant was disqualified from receiving benefits because she delayed the relocation for noncompelling reasons.

We affirm. A brief delay in resigning from one's employment in order to join a relocating spouse may not disqualify a claimant from receiving benefits, provided that the resignation was intended at the time the spouse relocated (see, Matter of Di Napoli [Commissioner of Labor], 249 AD2d 665, 667) and as long as the length of the delay "was reasonable under the

circumstances" (*Matter of Stuber [Shanken Communications— Commissioner of Labor]*, 253 AD2d 972). Here, assuming, arguendo, that claimant formed the intention of resigning at the time of her husband's relocation, we find that the Board rationally concluded that claimant's 19-month delay was not reasonable given, *inter alia*, the fact that probationary periods are not unusual or extraordinary. Thus, there is substantial evidence in the record to support the Board's conclusion that claimant's lengthy delay was unreasonable and noncompelling under the circumstances of this case (*see, Matter of Parduski [Commissioner of Labor]*, 253 AD2d 937).

Crew III, J. P., Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.