■ In the Matter of the Claim of MOLLY B. EDKIN, Appellant. COMMISSIONER OF LABOR, Respondent. [692 NYS2d 849] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 16, 1998, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

In October 1996, claimant left her employment as a sales representative for a food distributor in the City of Buffalo, Erie County, in order to relocate to Pennsylvania, where her husband had been transferred to a new job in November 1995.

Prior to her relocation, claimant informed the employer of her husband's transfer and her intent to join him and, further, inquired about a similar transfer to Pennsylvania for herself or permission to service her current accounts after she moved. The employer told claimant it had no openings in Pennsylvania and directed her to cease developing new business and to take steps to phase out her accounts. When claimant failed to submit an end date for her employment, the employer eventually suggested the October 1996 date and claimant thereafter submitted the appropriate resignation letter. The employer's witness testified that no promises were made to claimant concerning employment in Pennsylvania and continuing work would have been available to her had she chosen to remain in Buffalo. The Unemployment Insurance Appeal Board found that although claimant intended at the time of her husband's move to ultimately join him, she was disqualified from receiving benefits because she delayed the relocation for noncompelling reasons.

We affirm. A brief delay in resigning from one's employment in order to join a relocating spouse might not disqualify a claimant from receiving benefits, provided that the resignation was intended at the time the spouse relocated (*see, Matter of Di Napoli [Commissioner of Labor]*, 249 AD2d 665, 667) and as long as the length of the delay "was reasonable under the circumstances" (*Matter of Stuber [M. Shanken Communications—Commissioner of Labor]*, 253 AD2d 972). Based upon our review of the record as a whole, we cannot say that the Board erred in concluding that claimant's delay in relocating was unreasonable. For example, although claimant testified that the delay was attributable in part to her desire to sell the family home, she thereafter left Buffalo before a purchase agreement for her house was signed. Indeed, the record supports the Board's finding that claimant's overriding motive in remaining in Buffalo was her hope that the employer would allow her to transfer her employment to Pennsylvania—a reason properly found to be noncompelling under the circumstances of this case (*see, Matter of Leon-Ghadamabadi [Commissioner of Labor]*, 258 AD2d 797, 798).

Cardona, P. J., Mercure, Crew III, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.