■ In the Matter of the Claim of LISA M. GARDNER, Appellant. LOCKHEED MARTIN IMS CORPORATION, Respondent; COMMISSIONER OF LABOR, Respondent. [696 NYS2d 83] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 29, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, who had previously lived in this State, moved to Virginia with her two children and her fiancé and accepted a position with the employer as a child support specialist. However, claimant quit her job and the four of them moved back to New York because claimant's fiancé had reportedly been given a "strong suggestion" by his attorney and Family Court personnel that he had a greater chance of success in a pending custody proceeding with his former wife if he were a New York resident. Under the circumstances, we find that substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant's decision to leave her employment in Virginia, while understandable, constituted personal and noncompelling reasons for purposes of eligibility for benefits (*see, Matter of Santana [Commissioner of Labor]*, 261 AD2d 687; *Matter of Dameron [Sweeney]*, 239 AD2d 656). Contrary to claimant's argument, the record does not support her assertion that she was denied unemployment insurance benefits solely because she was not yet married to her fiancé at the time of her application. Notably, relocation for the purpose of marriage is grounds for disqualification for receipt of unemployment insurance benefits under Labor Law § 593 (1) (b). Indeed, even in situations involving relocating spouses it

must still be established that the spouse's employment "required relocation" (*Matter of Di Napoli [Commissioner of Labor]*, 249 AD2d 665, 666), and in the case of an ill family member it must be shown that the relocation was "medically necessary" (*Matter of Dameron [Sweeney]*, *supra*, at 656). Given the undisputed fact that the fiancé's relocation in this case was prompted principally by a litigation strategy and not out of the requisite necessity, we find no reason to disturb the Board's decision in this case.

Cardona, P. J., Mikoll, Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.